■ DONNA KENNEDY, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [744 NYS2d 217] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an

order of the Supreme Court, Westchester County (DiBlasi, J.), entered May 2, 2001, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants as against the weight of the evidence, and for a new trial on the issue of liability, and (2) a judgment of the same court, dated June 29, 2001, which, upon a jury verdict, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed on the law, with costs, the order is vacated, the plaintiff's motion is granted, the verdict is set aside, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant driver Michael Bielemeier (hereinafter Bielemeier), an employee of the defendant County of Westchester (hereinafter the County), backed a County owned van into the plaintiff's vehicle, which then hit the plaintiff, who was standing at its rear, removing packages from its trunk. Both vehicles were parked in a roadway. The plaintiff's vehicle was parked approximately 8 to 10 feet behind the van and off to its right. At the trial on liability, Bielemeier testified that before moving, he depressed the brake and put the van in reverse, which also activated the van's "beeping" signal. Then, while keeping his foot on the brake, Bielemeier checked the van's left and right side mirrors, as well as its rear-view mirror. Finally, prior to moving, he turned to look through the van's rear window. He did not see any cars or pedestrians behind him. The jury found, inter alia, that Bielemeier was not negligent.

The Supreme Court erred in denying the plaintiff's motion to set aside the verdict and for a new trial on the issue of liability. A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129). The jury's finding that Bielemeier was not negligent did not rest upon a fair interpretation of the credible evidence and a new trial is warranted pursuant to CPLR 4404 (a) (*see Fillippazzo v Santiago,* 277 AD2d 419; *DeAngelis v Kirschner,* 171 AD2d 593).

We note that in the event prior sworn testimony taken at an examination before trial (*see* CPLR art 31), as well as such testimony taken at a hearing conducted pursuant to General Municipal Law § 50-h, are introduced at the new trial, the court should instruct the jury that the deponent is afforded the opportunity to correct only the testimony taken at an examination before trial pursuant to the provisions of CPLR 3116. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.